# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY GRANT,

    Petitioner,

vs.

STATE OF NEVADA, et al.,

    Respondents.

Case No. 2:09-cv-02078-JCM-PAL

**ORDER**

    Before the court are the petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (#1, #23), petitioner's memorandum of points and authorities regarding Younger v. Harris abstention (#27), respondents' responding memorandum (#34), and petitioner's reply (#37). After reviewing the record in this case, the court dismisses this action because petitioner has not exhausted his state-court remedies for his speedy-trial issue, and because abstention is required for the remaining issues.

    Petitioner has been a pre-trial detainee since December 2004. He has not gone to trial for various reasons, many surrounding his competency, as outlined in the parties' memoranda. Currently, the state district court has set trial for April 8, 2013. State v. Grant, case no. 07C238597.[1]

    The central issue in the petition and in petitioner's memoranda is a potential violation of petitioner's right to a speedy trial. Petitioner raised the same issue in this court in Grant v. Clark

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=7549329 (report generated March 22, 2013).

County District Court, case no. 2:08-cv-01329-PMP-PAL. The court dismissed that action because petitioner had not exhausted his available state-court remedies.

Petitioner now claims that he has exhausted his state-court remedies, but a review of the record shows the opposite. Petitioner did file a pretrial habeas corpus petition in state court. Respondents' Ex. 24 (#34). However, the issues that petitioner presented in that petition were irregularities in the grand-jury proceedings. The state district court denied the petition. Respondents' Ex. 26 (#34). Petitioner then filed a petition for a writ of mandamus or prohibition in the Nevada Supreme Court.[2] Petitioner's Ex. 1 (#28). In that petition, petitioner raised issues of his competency, the legitimacy of the grand-jury proceedings, the timeliness of the pretrial habeas corpus petition, and discovery violations. The Nevada Supreme Court denied the petition. Respondents' Ex. 28 (#34). In neither of those petitions did petitioner actually claim that his speedy-trial right was being violated.

Petitioner needs to exhaust his available state-court remedies before this court can consider a pretrial habeas corpus petition that raises a speedy-trial issue. See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489-90 (1973); Carden v. Montana, 626 F.2d 82, 83 (9th Cir. 1980). As the court explained in the earlier action, petitioner has the right to file a pretrial habeas corpus petition in state district court that raises the speedy-trial issue. Petitioner has not presented the speedy-trial issue to the state district court. Consequently, the petitions are not exhausted.[3]

Petitioner presents other possible issues in his memorandum: Competency, the right to the effective assistance of counsel, and the failure to disclose material exculpatory evidence. Federal courts should abstain from intervening in pending state criminal proceedings unless there are the extraordinary circumstances of a great and immediate danger of irreparable harm. Younger v.

---

[2] There is no appeal from the denial of a pretrial habeas corpus petition. See Castillo v. State, 792 P.2d 1133, 1135 (Nev. 1990). A petitioner whose petition is denied can file a petition for extraordinary relief with the Nevada Supreme Court, as petitioner did. He also can raise the issues on direct appeal from the judgment of conviction.

[3] The court leaves open the question whether a petition for a writ of mandamus or prohibition filed with the Nevada Supreme Court is required for exhaustion, because petitioner has not taken even the first step of presenting the speedy-trial issue to the state district court.

Harris, 401 U.S. 37, 45- 46 (1971).  Petitioner may raise the all the remaining issues on appeal or in a post-conviction habeas corpus petition, should he be convicted.  If he is unsuccessful, then petitioner can turn to federal court through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Indeed, competency, effectiveness of counsel, and disclosure of exculpatory evidence are all issues that criminal defendants raise frequently on appeal and in post-conviction petitions.  None of those issues are so extraordinary, or present an immediate danger of irreparable harm to petitioner, for this court to intervene in the state-court proceedings.

Reasonable jurists would not find the court's conclusions to be debatable or wrong.  Petitioner simply has never given the state courts the opportunity to rule upon his speedy-trial claim, and the failure to exhaust is clear.  Furthermore, reasonable jurists would not find petitioner's other issues to be so extraordinary as to require federal-court intervention in a state-court criminal prosecution.

IT IS THEREFORE ORDERED that this action is **DISMISSED** without prejudice because petitioner has not exhausted his state court remedies and because the court abstains from interfering with the ongoing criminal proceedings in state court.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: March 26, 2013.

_____
JAMES C. MAHAN
United States District Judge